UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR PADUANO, FRANK SCALA, NICK CANNER on behalf of themselves and other similarly situated individuals, and HM COMPOUNDING SERVICES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>EXPRESS SCRIPTS, INC., CVS CAREMARK CORP., OPTUMRx, INC., and PRIME THERAPEUTICS LLC,<br><br>    Defendants. | Case No. 2:14-cv-05376 |

**MEMORANDUM OF LAW IN SUPPORT OF EXPRESS SCRIPTS' MOTION TO VACATE/STAY TEMPORARY RESTRAINING ORDER, AND SEVER AND TRANSFER CLAIMS BETWEEN HM COMPOUNDING AND EXPRESS SCRIPTS ON AN EXPEDITED BASIS**

Dated: New York, New York
September 15, 2014

COZEN O'CONNOR

Ally Hack
45 Broadway, 16th Floor
New York, NY 10006
(212) 453-3950
ahack@cozen.com

Christopher A. Smith (*pro hac vice forthcoming*)
Sarah C. Hellmann (*pro hac vice forthcoming*)
Jason M. Husgen (JH2201)
HUSCH BLACKWELL
190 Carondelet Plaza, Suite 600
St. Louis, MO 63033
(314) 480-1500
chris.smith@huschblackwell.com
sarah.hellmann@huschblackwell.com
jason.husgen@huschblackwell.com

*Attorneys for Defendant Express Scripts, Inc.*

1SLC-7330546

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. i

BACKGROUND AND INTRODUCTION.......................................................................... 1

ARGUMENT ........................................................................................................................ 4

    I.    This Court should vacate and/or stay the state court TRO as between Express Scripts and HM Compounding because the court improperly exercised jurisdiction over this dispute ........................................................ 4

    II.    This Court should transfer, on an expedited basis, HM Compounding's claims against Express Scripts to the United States District Court for the Eastern District of Missouri—the contractually agreed forum ................................ 5

    III.    The Court should give no weight to the fact that HM Compounding improperly joined individual plaintiffs, Express Scripts, CVS Caremark Corp., OptumRx, Inc., and Prime Therapeutics, LLC ............................................... 8

CONCLUSION .................................................................................................................... 12

CERTIFICATE OF SERVICE ............................................................................................ 14

## TABLE OF AUTHORITIES

Page

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 9, 10

*Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*,
  517 --U.S.--, S.Ct. 568 (2013) ............................................................................................ 6, 7, 8

*Bejjani v. Manhattan Sheraton Corp.*,
  No. 12-CV-6618, 2013 WL 3237845, *13-14 (S.D.N.Y. June 27, 2013) .............................. 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................................. 9, 10

*Brunner v. Ohio Republican Party*,
  555 U.S. 5 (2008) ......................................................................................................................... 4

*Burgos v. Grenier*,
  No. 13-CV-6533, 2014 WL 3749651 (W.D.N.Y. July 29, 2014) ........................................... 10

*Cain v. N.Y. State Bd. of Elections*,
  630 F. Supp. 221 (E.D.N.Y. 1986) ............................................................................................ 12

*Commonwealth of Virginia v. Tenneco, Inc.*,
  538 F.2d 1026 (4th Cir. 1976) .................................................................................................... 5

*In re Calpine Corp.*,
  337 B.R. 27 (S.D.N.Y. 2006) ..................................................................................................... 4

*Peterson v. Scully*,
  No. 86 Civ. 234, 1987 WL 11564 (S.D.N.Y. May 21, 1987) ................................................... 11

*S. Ohio Coal Co. v. Office of Surface Mining, Reclamation, and Enforcement*,
  20 F.3d 1418 (6th Cir. 1994) ...................................................................................................... 4

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*,
  552 F.3d 430 (6th Cir. 2008) .................................................................................................... 10

*Townsend v. Dordofsky*,
  No. 1:13-CV-1603, 2014 WL 1572884 (S.D.N.Y. Apr. 18, 2014) ......................................... 10

**State Cases**

*Couvertier v. Concourse Rehabilitation & Nursing, Inc.*,
  117 A.D.3d 772, N.Y.2d 683 (2d Dep't 2014) ........................................................................... 7

*Major v. McCallister*,
  302 S.W.3d 227 (Mo. Ct. App. 2009) ......................................................................................... 7

**Federal Rules**

28 U.S.C. § 1404(a) ........................................................................................................... 11
Fed. R. Civ. P. 21 ............................................................................................................... 11

Defendant Express Scripts, Inc. ("Express Scripts") respectfully submits this memorandum in support of its motion to vacate/stay the temporary restraining order ("TRO") issued by the Supreme Court of the State of New York, County of Nassau, and sever and transfer those claims as between Express Scripts and HM Compounding Services, LLC ("HM Compounding") to the United States District Court for the Eastern District of Missouri.

## BACKGROUND AND INTRODUCTION

Until its September 1, 2014 termination, HM Compounding and Express Scripts were parties to a Pharmacy Provider Agreement ("Provider Agreement"). [Compl. ¶ 106(e)]. That Provider Agreement included a binding forum selection clause in which HM Compounding and Express Scripts agreed that:

> **All litigation** between the parties arising out of or related in any way to the interpretation or performance of the Agreement **shall be litigated in the United States District Court for the Eastern District of Missouri**, or, as to those lawsuits for which the Federal Court lacks jurisdiction, before a court located in St. Louis County, Missouri.

[Ex. C, Provider Agreement, § 7.12 (emphasis added)]. The parties also agreed that claims arising out of or related in any way to the interpretation or performance of the Agreement would "**not be consolidated or coordinated in any action with the Claim of any other individual or entity…**" [*Id.* (emphasis added)].

Late on September 10, 2014, HM Compounding filed a complaint in Nassau County New York. *See* Declaration of Amanda L. Nelson, dated September 15, 2014 ("Nelson Decl.") (setting forth procedural history and background). That complaint was

filed in direct violation of the Provider Agreement. It improperly consolidates claims and was filed in an improper venue.

Hundreds of miles away from the contractually agreed forum, HM Compounding sought truly extraordinary relief: HM Compounding asked the New York state court to issue a mandatory injunction granting it emergency injunctive relief that would "reinstate in full force and nunc pro tunc" the terminated Provider Agreement with Express Scripts. [*See* Compl. at pp. 29, 30, 31, 32, and 33]. Unhappy with claims rejected under the terms of the Provider Agreement, HM Compounding went a step further and requested an order compelling payment for future, and previously rejected, claims submissions under the Provider Agreement, and requiring Express Scripts to accept and pay **any claim** submitted by HM Compounding, regardless of whether the claim was valid or appropriate under the Provider Agreement. [*Id.*]. While HM Compounding places various labels on its causes of action, the relief it seeks—reinstatement of a terminated contractual relationship—is plainly and inextricably tied to the parties' Provider Agreement.

HM Compounding joined as Defendants CVS Caremark Corp., OptumRx, Inc., and Prime Therapeutics, LLC, and alleged that all should be enjoined and forced into new contractual relationships with HM Compounding, that all should be forced to accept and pay any claim HM Compounding should submit, and for that matter, any claim submitted by any "other" unnamed compound pharmacies for "all other persons." [*Id.*].

The state court heard argument the morning of September 11, 2014. Although national counsel for Defendants requested an opportunity to appear by phone, those requests were summarily denied without discussion. Though raised at the outset, the numerous jurisdictional issues were dismissed out of hand without any analysis or explanation. The state court proceeded to accept wholesale Plaintiffs' conclusory allegations and entered Plaintiffs' broad proposed order for nationwide injunctive relief and a mandatory injunction compelling all of the Defendants to contract with HM Compounding, and accept and pay any claim submitted by HM Compounding. While the state court stated off the record that it would not enforce the order as entered, the court nonetheless signed it without modification. *See* Nelson Decl. ¶ 19. No bond was required or posted.

Express Scripts terminated its agreement with HM Compounding for cause. And Express Scripts welcomes the opportunity to explain in full detail the numerous contract breaches that led to HM Compounding's termination. These breaches, coupled with reports of fraudulent claims submissions and illegal kickbacks by HM Compounding representatives, have irrevocably eroded any trust or confidence that Express Scripts may have once had in the integrity of HM Compounding. Express Scripts simply does not want to do business with HM Compounding and had a right to terminate the relationship with or without cause.

New York, however, is not the appropriate forum to hear these issues. The parties agreed by contract that "[a]ll litigation between the parties arising out of or related in any

3

way to the interpretation or performance of the Agreement" would be in Missouri. The New York state court improperly entertained HM Compounding's extraordinary request for a mandatory contract injunction. The TRO should be vacated and/or stayed, and this case transferred on an expedited basis to the Eastern District of Missouri where the parties agreed that they would litigate this dispute.

## ARGUMENT

### I. This Court should vacate and/or stay the state court TRO as between Express Scripts and HM Compounding because the state court improperly exercised jurisdiction over this dispute.

HM Compounding and Express Scripts contractually agreed that any litigation arising out of or relating to their Provider Agreement would be litigated in Missouri. Because the state court improperly exercised jurisdiction over the parties' contract and any claims "arising out of or related in any way to the interpretation or performance of" that contract, the TRO as between HM Compounding and Express Scripts must be vacated and/or stayed.

It is black-letter law that where, as here, a court lacks jurisdiction over a matter, a TRO is improper and should be vacated and/or stayed. *See e.g., Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (vacating TRO where district court lacked jurisdiction over the subject of the TRO); *In re Calpine Corp.*, 337 B.R. 27, 29-30 (S.D.N.Y. 2006) (same; noting "Having determined that FERC has exclusive jurisdiction over the disposition of the energy contracts in this case, the Court vacates the temporary restraining order..."); *see also S. Ohio Coal Co. v. Office of Surface Mining, Reclamation,*

*and Enforcement*, 20 F.3d 1418, 1428 (6th Cir. 1994) (vacating TRO where court lacked jurisdiction to enter it do to failure to exhaust administrative remedies); *Commonwealth of Virginia v. Tenneco, Inc.*, 538 F.2d 1026 (4th Cir. 1976) (reversing TRO entered without jurisdiction over subject matter).

In this case, the proper jurisdiction to address the contract issues between HM Compounding and Express Scripts is the jurisdiction the parties agreed to in their contract. The state court improperly interfered with that contract and disregarded the parties' chosen forum without justification or any articulated legal basis. Accordingly, this Court should vacate and/or stay the TRO as between Express Scripts and HM Compounding pending transfer to the United States District Court for the Eastern District of Missouri.

## II. This Court should transfer, on an expedited basis, HM Compounding's claims against Express Scripts to the United States District Court for the Eastern District of Missouri—the contractually agreed forum.

HM Compounding and Express Scripts agreed that "all litigation" between them "arising out of or related in any way to the interpretation or performance" of the Provider Agreement would be "litigated in the United States District Court for the Eastern District of Missouri." [Ex. C, Provider Agreement, § 7.12 (emphasis added)].

HM Compounding flouted its contractual obligation when it improperly raced to a New York state court for a mandatory injunction to force Express Scripts to reinstate the terminated Provider Agreement. Under these circumstances HM Compounding's choice of forum is entitled to no weight, and transfer to the contractually agreed forum in the

Eastern District of Missouri is appropriate under 28 U.S.C. § 1404(a).

*Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, 517 --U.S.--, 134 S.Ct. 568 (2013), is directly on point. In *Atlantic Marine* the Supreme Court clarified the standards to be applied when the parties have agreed to a valid forum selection clause. As the Court explained, "a district court should ordinarily transfer the case to the forum specified" and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine*, 134 S.Ct. at 581. The Court described the analysis as follows:

> [W]hen the parties' contract contains a valid forum selection clause, which represents the parties' agreement as to the most proper forum...[t]he enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. **For that reason, and because the overarching consideration under § 1404(a) is whether transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases.** The presence of a valid forum selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.
>
> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted...
>
> Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for the pursuit of litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum....
>
> As a consequence, a district court may consider arguments about public interest factors only. Because those factors will rarely defeat a transfer

6

motion, the practical result is that forum-selection clauses should control except in unusual cases…

Third, when a party bound by a forum selection clause flouts its contractual obligations and files suit in a different forum, a § 1404(a) will not carry with it the original venue's choice of law rules… [A]s discussed above, a plaintiff who files suit in violation of a forum-selection clause enjoys no such privilege with respect to choice of forum, and therefore it is entitled to no concomitant "state-law advantages." … When the parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties settled expectations.

*Atlantic Marine*, 134 S.Ct. at 581-83 (emphasis added).

In this case, HM Compounding and Express Scripts contractually agreed that they would litigate their disputes in the Eastern District of Missouri. HM Compounding attempts to skirt this agreement and forum shop by labeling its counts under New York law. Such labels are of no event, and cannot evade HM Compounding's agreement to litigate in Missouri. Indeed, under both Missouri and New York law, the enforceability of a forum selection clause does not depend on the claims asserted or labels placed on claims in a complaint. *Major v. McCallister*, 302 S.W.3d 227, 231 (Mo. Ct. App. 2009) (explaining that under Missouri law a forum selection clause necessarily applies to non-contract claims arising out of or relating to a contract); *see also Couvertier v. Concourse Rehabilitation & Nursing, Inc.*, 117 A.D.3d 772, 773, 985 N.Y.2d 683, 684 (N.Y. Ct. App. 2014) (upholding forum selection clause despite claims sounding negligence, wrongful death, and alleged violations of New York Public Health Law and explaining that "[t]he plaintiff's claim that the forum selection clause should not be upheld because this is a tort action and not a breach of contract action is without merit. The applicability

7

of a forum selection clause does not depend on the nature of the underlying action… Rather, it is the language of the forum selection clause itself that determines which claims fall within its scope."). The same is true here. The fact that HM Compounding may not have a count for breach of contract does not render the contract's forum selection clause invalid or inapplicable or argue against transfer. This is particularly true where, as here, all of the claims alleged arise out of the contractual relationship with HM Compounding and explicitly seek injunctive relief tethered to the underlying contract. *See* Compl. at pp. 29, 30, 31, 32, and 33 (seeking mandatory injunctive relief to reinstate the terminated Provider Agreement with Express Scripts).

Holding the parties to their agreement promotes the interests of justice and § 1404(a) transfer to the Eastern District of Missouri is appropriate.

### III. The Court should give no weight to the fact that HM Compounding improperly joined individual plaintiffs, Express Scripts, CVS Caremark Corp., OptumRx, Inc., and Prime Therapeutics, LLC.

This Court should give no weight to HM Compounding's attempt to evade its contractual obligations to Express Scripts by including the individual plaintiffs, and naming CVS Caremark Corp., OptumRx, Inc., and Prime Therapeutics, LLC as Defendants. Several independent reasons support this conclusion.

**First**, as set forth above, the forum selection clause between Express Scripts and HM Compounding is valid and enforceable. In addition, HM Compounding specifically agreed that claims arising out of or related in any way to the interpretation or performance of the Provider Agreement would "not be consolidated or coordinated in any

8

action with the Claim of any other individual or entity..." [Ex. C, Provider Agreement, § 7.12]. As a result, HM Compounding should not be permitted to violate this provision, especially since that would eviscerate and render meaningless the forum selection clause. Simply put, two negatives do not make a positive: HM Compounding's deliberate breach of two contractual provisions cannot result in a positive result for HM Compounding.

**Second**, HM Compounding's claims against Express Scripts are governed by its contract with Express Scripts.

Likewise, HM Compounding's claims against the other Defendants are governed by contractual relationships with those Defendants. Since HM Compounding's claims against each Defendant will have to be determined based on the specific contractual relationship at issue, the claims are separate and distinct and should not be joined. Thus, enforcing HM Compounding's contractual obligations under the Provider Agreement with Express Scripts will not result in any inefficiencies or inconsistent results.

**Third**, this Court should give no weight to HM Compounding's attempt to skirt independent contractual obligations and frustrate transfer with conclusory allegations of conspiracy—the only claim which could tie Defendants and Plaintiffs together. As a matter of law, the vague allegations in the Complaint do not comply with the basic pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Twombly* and *Iqbal* require plaintiffs to plead facts, not conclusions, and those facts must be sufficient to make the claims plausible and

not just theoretically possible. Here Plaintiffs' offer vague and generic allegations that Defendants have:

- "engaged in a concerted and coordinated effort to eliminate Plaintiff HMC" [Compl.¶ 22];
- "used their collective market power" [*id.* at ¶ 23];
- "joined together to intimidate physicians" [*id.* at ¶ 24];
- "concerted to mislead" [*id.* at ¶ 31]; or
- "joined together to use their market share" [*id.* at ¶ 95].

Such generic and conclusory allegations simply do not satisfy *Twombly* and *Iqbal*. *See also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008) (explaining that "[g]eneric pleading, alleging misconduct against defendants, without specifics as to the role each played in the conspiracy, was specifically rejected by *Twombly*."); *Townsend v. Dordofsky*, No. 1:13-CV-1603, 2014 WL 1572884, *5 (S.D.N.Y. Apr. 18, 2014) (dismissing conclusory allegations of conspiracy made in an attempt to establish venue, and explaining that "[c]onclusory allegations of conspiracy present 'exactly the kind of generalized claim that the *Twombly* standard is meant to police.'"); *Burgos v. Grenier*, No. 13-CV-6533, 2014 WL 3749651, *3 (W.D.N.Y. July 29, 2014) (disregarding and dismissing bare allegations of conspiracy); *Bejjani v. Manhattan Sheraton Corp.*, No. 12-CV-6618, 2013 WL 3237845, *13-14 (S.D.N.Y. June 27, 2013) (same; explaining that since *Twombly*, "courts have emphasized the importance of pleading sufficient subsidiary facts when alleging the existence of a conspiracy...*Twombly* requires more than a charge that something bad

10

happened and a conclusory allegation that this bad thing was also illegal because it resulted from a malevolent conspiracy.").

The same is true here. Plaintiffs make broad allegations that Defendants conspired, but offer only gross speculation and conjecture in support. They do not plead *facts* about what each Defendant supposedly did to conspire. Equally telling is the fact that while HM Compounding may purport to bind defendants through half-baked claims of concerted fraud, deceptive business practices, and violations of New York antitrust law, those allegations do not disguise HM Compounding's true objective and the relief it seeks in this lawsuit—to force separate contractual relationships with each separate Defendant. Indeed, in each count of its Complaint, and in each prayer for injunctive relief, HM Compounding seeks to "reinstate in full force nunc pro tunc" its separate agreements with each of the separate Defendants. *See* Nelson Decl. at Ex. B pp. 29, 30, 31, 32, and 33. These agreements have separate obligations, and no connection to each other. There is no basis for joinder, and Plaintiffs' occasional conclusory allegations of fraud and concerted activity are simply are not enough to bind Defendants in this action and frustrate independent contractual obligations.

Rule 21 of the Federal Rules of Civil Procedure allows the Court "[o]n motion or on its own…[to] sever any claim against any party." Fed. R. Civ. P. 21; *see Peterson v. Scully*, No. 86 Civ. 234, 1987 WL 11564, at *1 (S.D.N.Y. May 21, 1987) (citing cases) (granting motion to sever pursuant to Rule 21 and to transfer pursuant 28 U.S.C. § 1404(a), explaining that the court "may determine that, in the interest of justice, an action

11

against multiple defendants should be severed and certain claims transferred to a more convenient forum. A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer to advance the administration of justice."); *Cain v. N.Y. State Bd. of Elections*, 630 F. Supp. 221, 225-26 (E.D.N.Y. 1986) (granting motion to sever pursuant to Rule 21 and explaining that a "claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer. Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants.").

Express Scripts respectfully requests that if the Court sever the individual Defendants and HM Compounding and allow each to enforce the separate contractual obligations implicated by HM Compounding's Complaint.

## CONCLUSION

This action is a transparent attempt by HM Compounding to gain the benefits of a contractual relationship with Express Scripts without any of the obligations. HM Compounding was terminated for cause. If HM Compounding believes that termination was improper, and wants a court order forcing the parties into a broken contractual relationship, it needs to make that request in the forum that the parties contractually agreed would hear this dispute.

For the foregoing reasons, Express Scripts respectfully requests that this Court

vacate/stay the temporary restraining order, and sever and transfer all claims between HM Compounding and Express Scripts to the agreed forum in the United States District Court for the Eastern District of Missouri.

Dated: New York, New York
       September 15, 2014

                                        COZEN O'CONNOR,
                                        Attorneys for Defendant
                                        EXPRESS SCRIPTS, INC.,

                                        By:   /s/ Ally Hack
                                        Ally Hack
                                        45 Broadway, 16th Floor
                                        New York, NY 10006
                                        (212) 453-3813
                                        ahack@cozen.com

                                        Christopher A. Smith (*pro hac vice pending*)
                                        Sarah C. Hellmann (*pro hac vice pending*)
                                        Jason M. Husgen (JH2201)
                                        HUSCH BLACKWELL
                                        190 Carondelet Plaza, Suite 600
                                        St. Louis, MO 63033
                                        (314) 480-1500
                                        chris.smith@huschblackwell.com
                                        sarah.hellmann@huschblackwell.com
                                        jason.husgen@huschblackwell.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument caused to be served this 15th day of September, 2014, by first class, postage prepaid to:

Steven R. Schlesinger, Esq.
Stanley A. Camhi, Esq.
Shannon E. Boettjer, Esq.
300 Garden City Plaza
Garden City, New York 11530
*Attorneys for Plaintiffs*

Christopher G. Karagheuzoff, Esq.
Dorsey & Whitney, LLP
51 West 52nd Street
New York, NY 10019-6119
*Attorneys for OPTUMRx, Inc.*

Yonaton Aronoff, Esq.
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314
*Attorneys for CVS Caremark Corp.*

J. Kevin Snyder, Esq.
Dykema Gossett PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
*Attorneys for Prime Therapeutics, LLC*

/s/ Ally Hack