UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HM COMPOUNDING SERVICES, LLC, and HMX SERVICES, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:14-CV-1858-JAR ) |
| EXPRESS SCRIPTS, INC., | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Defendant Express Scripts, Inc., to Produce Documents (Doc. No. 235), Defendant Express Scripts, Inc.'s Motion for Reconsideration (Doc. No. 236), and Plaintiffs' Motion for Relief Pursuant to Rule 56(d) (Doc. No. 259). The motions are fully briefed and ready for disposition.

On August 18, 2015, approximately one month after the Court denied in part Express Scripts' motion to dismiss Plaintiffs' first amended complaint, and one week before the Rule 16 conference scheduled for August 26, 2015, Express Scripts filed a motion for partial summary judgment raising a single issue, i.e., whether it had a contractual right to terminate Plaintiff from its pharmacy provider network. (Doc. No. 192) The parties appeared for the Rule 16 conference on August 26, 2015, but were unable to agree on the scheduling and scope of discovery. The Court ordered the parties to submit proposed scheduling plans for discovery to the Court. On September 3, 2015, after reviewing the parties' submissions, the Court stayed briefing on Express Scripts' motion for partial summary judgment and granted the parties 90 days to conduct phased discovery as it related to the issues raised in Express Scripts' motion. (Doc. No. 208) At

that time the Court indicated that no third party discovery would be allowed without further order of the Court. The parties stipulated and agreed to a protective order, which the Court so ordered on October 16, 2015. (Doc. No. 210)

On November 18, 2015, Plaintiffs' counsel moved to withdraw and requested the Court stay discovery and all pending deadlines for 60 days to allow Plaintiffs time to retain new counsel. (Doc. No. 211) The Court granted counsel's motion to withdraw and stayed discovery and all pending deadlines for 30 days, up to and including December 18, 2015. (Doc. No. 215) New counsel filed notices of appearance on behalf of Plaintiffs on December 3, 2015 and requested the Court lift the stay of discovery. The Court granted Plaintiffs' request on December 8, 2015 (Doc. No. 224) and subsequently extended the initial discovery deadline until February 26, 2016 and the stay on briefing on Express Scripts' pending motion for partial summary judgment until March 28, 2016 (Doc. No. 227).

On February 12, 2016, Plaintiffs filed a motion to compel Express Scripts to produce documents. (Doc. No. 235) In support of their motion, Plaintiffs argue that each of their document requests seeks "particularized information relating to Express Scripts' decision making process and the intent behind the decision to exclude over 1,000 ingredients found in compound medications and otherwise limit reimbursement to pharmacies for patients' use of compounding medications." (Doc. No. 235 at 8) Plaintiffs contend these documents directly relate to their opposition of Express Scripts' claims on summary judgment.

On February 17, 2016, Express Scripts filed a motion for reconsideration of the Court's order denying its motion to dismiss. (Doc. No. 236) Express Scripts argues that in the current complaint, Plaintiffs intentionally altered a letter sent to patients so they could allege the letter came from Express Scripts when in fact the letter came from one of Express Scripts' clients, a

health plan. Plaintiffs allege the letter is evidence of parallel conduct with other pharmacy benefit managers to disseminate false and misleading information to patients regarding compounded drugs. Express Scripts asks the Court to vacate its order denying Express Scripts' motion to dismiss and require re-briefing with the true and correct client letter in the complaint. (Doc. No. 238 at 1-2)

Plaintiffs filed a motion for relief pursuant to Rule 56(d) on March 3, 2016 asking the Court to deny Express Scripts' motion for partial summary judgment as premature and to expand discovery to include third party discovery on all of Plaintiffs' claims. Alternatively, Plaintiffs ask the Court to indefinitely stay briefing on Express Scripts' partial summary judgment motion so the parties may continue to conduct discovery. (Doc. No. 259)

On March 24, 2016, the Court held a status conference on the record with counsel. (Doc. No. 268) Following the status conference, Plaintiffs submitted their proposed plan for completion of discovery in furtherance of their motion to compel. Specifically, Plaintiffs propose the following:

(a) ESI to produce all non-privileged documents resulting from Express Scripts' previously conducted terms and custodians search not already produced to HMC, including all documents previously "Withheld As Non-Responsive" and provide a privilege log for any documents withheld as privileged;

(b) ESI to produce all attachments referenced in documents previously produced and to be produced;

(c) ESI to run a new terms search, attached hereto as Exhibit "A", on all electronic files of the previously searched custodians and deponents as well as the custodians listed on Exhibit "B" attached hereto [in order of preference], and produce all resulting non-privileged documents (and log documents withheld as privileged);

(d) ESI previously produced 3 exemplars in response to HMC's requests Nos. 6, 8, 10 and 11. ESI to now produce all documents responsive to Request Nos. 6, 8, 10 and 11 for the top 100 health plans of the 14,000 plans enrolled with ESI. These documents should be produced separately from the above production;

(e) ESI to produce all non-privileged responsive documents, without limitation, to HMC's First Request for Production, Request Nos. 1 – 12, not otherwise maintained on ESI's database searched above, i.e., other electronic files, hard copy files and custodian hard drive files, including PCMA national meeting materials and notes responsive to Request No. 2; and

(f) Two weeks after ESI's production of documents set forth above, HMC may take two additional depositions or a total of 14 deposition hours which may include additional deposition time with previously deposed witnesses or other witnesses.

(Doc. No. 280) In response, Express Scripts argues that Plaintiffs' request is nothing more than a broad request to expand discovery, without limitation; is not responsive to this Court's order; and does not satisfy the standard for additional discovery set forth in Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014).[1] (Doc. No. 283)

Following the August 26, 2015 Rule 16 conference, it was clear to the Court there was an understanding between counsel that phased discovery would proceed as it related to the issues raised in Express Scripts' motion for partial summary judgment. The primary issue raised in Express Scripts' motion is whether it had a contractual basis to terminate Plaintiff from its provider network. (See Doc. No. 194 at 1) Discovery had been ongoing when Plaintiffs retained new counsel and Plaintiffs' new counsel never revisited that earlier understanding. Proceeding with discovery in the manner requested by Plaintiffs at this juncture would reopen and expand discovery beyond what was agreed to, which is neither appropriate nor necessary in the Court's view.

That said, after consideration of Plaintiffs' discovery plan, the Court will grant Plaintiffs' motion to compel in part. With respect to documents previously withheld by Express Scripts as

---

[1] The party seeking additional discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." Toben, 751 F.3d at 895 (quoting State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)). See also Chambers v. Travelers Cos., Inc., 668 F.3d 559, 568 (8th Cir. 2012).

non-responsive, see request (a), it appears to the Court that Express Scripts is selecting what it chooses to produce in response to Plaintiffs' requests, which is contrary to the normal course of discovery. At the March 24, 2016 status conference, Express Scripts represented to the Court that the 14,000 pages of "non-responsive" documents are available. The Court will therefore order Express Scripts to either produce them or identify why they are non-responsive. Any attachments referenced in documents previously produced and to be produced shall also be produced by Express Scripts. See request (b). The Court will allow Plaintiffs to take two additional depositions, see request (f); however, this does not include any previously deposed witnesses.

As for Plaintiffs' requests that Express Scripts run a new terms search on all electronic files of previously searched custodians and deponents as well as an additional 37 custodians listed on attached Exhibit B; produce responsive documents for the top 100 health plans enrolled with Express Scripts; and produce responsive documents not otherwise maintained on Express Scripts' database, i.e., other electronic files, hard copy files and custodian hard drive files, see requests (c) - (e), the Court will deny those requests as beyond the agreed upon scope of discovery.

The Court will extend the discovery deadline for thirty (30) days, up to and including **June 6, 2016** and require Plaintiffs to file their response to Express Scripts' pending motion for summary judgment no later than **July 6, 2016**. Further, in accordance with the rulings on the record at the March 24, 2016 status conference, the Court will deny Express Scripts' motion for reconsideration without prejudice and Plaintiffs' motion for relief pursuant to Rule 56(d).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Defendant Express Scripts, Inc. to Produce Documents [235] is **GRANTED** in part in accordance with the rulings herein.

**IT IS FURTHER ORDERED** that Defendant Express Scripts, Inc.'s Motion for Reconsideration [236] is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Relief Pursuant to Rule 56(d) [259] is **DENIED**.

Dated this 6th day of May, 2016.

                                        **JOHN A. ROSS**
                                        **UNITED STATES DISTRICT JUDGE**