UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HM COMPOUNDING SERVICES, LLC, and HMX SERVICES, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:14-CV-1858 JAR |
| EXPRESS SCRIPTS, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Express Scripts, Inc. ("ESI")'s Motion for Reconsideration of the Court's February 3, 2017 Order denying ESI's motion for partial summary judgment (Doc. No. 345). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

The background of this case is set out in detail in the Court's February 3, 2017 Order. Briefly, ESI terminated Plaintiffs HM Compounding Services, LLC and HMX Services, LLC (collectively "HMC") from its pharmacy provider network for misrepresenting during a recredentialing process that it never waived or discounted member copayments. HMC sought to enjoin the termination by filing an action in the Supreme Court of the State of New York. ESI removed the case to the United States District Court for the Eastern District of New York. The New York District Court subsequently severed HMC's claims against ESI and transferred the case to this Court. HMC filed an amended complaint asserting various statutory and common

law claims against ESI, which ESI moved to dismiss. The Court granted ESI's motion in part. ESI then moved for partial summary judgment on HMC's remaining claims based on HMC's alleged breaches of the parties' Pharmacy Provider Agreement and ESI's resulting right to terminate that Agreement. The Court denied partial summary judgment, finding numerous factual disputes as to whether HMC materially breached its Agreement with ESI.

**Legal standard**

The Federal Rules do not specifically provide for motions for reconsideration, although they are frequently filed. A motion for reconsideration is typically construed either as a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment. Auto Services Co. v. KPMG, L.L.P., 537 F .3d 853, 855 (8th Cir. 2008). Both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order. Fed. R. Civ. P. 59(e), 60(b); Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co., No. 3:09-CV-5078, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010); 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed. 1995). A district court has broad discretion in deciding whether to grant a Rule 59(e) or 60(b) motion, so long as manifest errors of law or fact, or exceptional circumstances (such as newly discovered evidence that was not available at the time the order was given) exist. See Arnold v. ADT Sec. Servs., 627 F.3d 716, 721 (8th Cir. 2010) (discussing Rule 60(b)); see also Disc. Tobacco, 2010 WL 3522476, at *1 (discussing Rules 59(e), 60(b)).

The Court has even greater discretion to grant a motion to reconsider an interlocutory order. Disc. Tobacco, 2010 WL 3522476, at *2. The Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be

undermined if it were to routinely reconsider its interlocutory orders. Id. Accordingly, the Court may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error. Id.; see also Trickey v. Kaman Indus. Techs. Corp., No. 1:09-CV-00026-SNLJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011).

**Discussion**

In support of its motion for reconsideration, ESI contends the Court's order conflated two principles of contract law: (1) the common law doctrine that a non-breaching party's performance is excused by a material breach; and (2) the right of a party to terminate a contract pursuant to an express termination provision. ESI argues that issues of materiality do not apply to express contract termination terms, citing, *inter alia*, Mers v. Franklin Ins. Co., 68 Mo. 127, 131 (1878), and St. Louis Produce Market v. Hughes, 735 F. 3d 829, 832 (8th Cir. 2013). Further, ESI asserts that imposing a condition of materiality on express contract termination provisions – as the Court does in its summary judgment order – essentially alters the terms of the relationship to which the parties agreed and is contrary to well-established law.

HMC responds that the denial of summary judgment was based primarily on ambiguities in the Provider Agreement, not on "materiality." HMC asserts that its position has always been that it did not breach the Agreement, and that the question of materiality never arises in the absence of a breach. Further, HMC relies on Reuter v. Jax Ltd., Inc., 711 F. 3d 918, 921 (8th Cir. 2013) (under Minnesota law), which holds that "even when express conditions of the contract are violated, the breach is not necessarily material."

ESI argued on summary judgment that under the express terms of the Provider Agreement, any one of HMC's multiple breaches gave ESI the right to terminate their relationship. Specifically, ESI asserted it had the contractual right to terminate the Agreement if it became aware of any copayment or cost-sharing discounts offered by HMC. ESI identified a number of other misrepresentations made by HMC on the Provider Certification questionnaire concerning state licensure, the use of non-FDA approved compounds, and the use of pre-printed prescription forms, as a basis for immediate termination. ESI takes exception to the Court's analysis of materiality in the face of these express termination provisions.

ESI is correct that parties can agree in advance to conditions that terminate their contractual relationship and performance obligations, provided those terms are clearly enforceable, and that in those cases, materiality may not be at issue. In its original order, the Court found the provisions relied upon by ESI were subject to interpretation, raising genuine issues of material fact as to whether HMC breached the Agreement, thereby triggering ESI's right to terminate HMC from its provider network. ESI argued the evidence demonstrated that HMC did not collect copayments, thereby effectively waiving or discounting them. Because the Certification questionnaire did not ask whether HMC collected all copayments, and because the Agreement did not define what constitutes a "waiver" or "discount" of copayments, the Court found the contractual requirements regarding collection of copayments ambiguous. The Court found the other Certification questions at issue were susceptible of multiple reasonable interpretations, such that the Court could not conclude that HMC's responses were untrue. Because these provisions were not clearly enforceable, the Court properly considered the materiality of the conditions purporting to trigger ESI's termination rights.

Moreover, there is a duty of good faith and fair dealing implied in the performance and enforcement of every contract. See Danella Sw., Inc. v. Sw. Bell Tel. Co., 775 F. Supp. 1227, 1235-36 (E.D. Mo. 1991), aff'd, 978 F.2d 1263 (8th Cir. 1992) (citing Restatement (Second) of Contracts § 205). This duty prevents a party from using contract provisions to "evade the spirit of the transaction" or "deny [the other party] the expected benefit of the contract," BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 914 (8th Cir. 2007) (internal quotation omitted), and thus impacts the interpretation of the provisions relied upon by ESI. Stated differently, "parties to a contract have an implied duty to cooperate to enable performance of the expected benefits of the contract and this duty is an enforceable contract right." Reliance Bank v. Paramont Properties, LLC, 425 S.W.3d 202, 206 (Mo. Ct. App. 2014). In particular the Court remains unpersuaded by ESI's argument that the failure to collect all copayments is grounds for termination. Such an interpretation would mean that any failure, no matter how minimal, would be grounds for termination, in contravention of the duty of good faith and fair dealing in the performance, enforcement and termination of contracts.

**Conclusion**

The Court is well within its authority to reconsider an interlocutory ruling before entering final judgment in this case. However, ESI has not given this Court any persuasive reason to do so. ESI has failed to establish that it did not have a fair opportunity to argue the matter previously, and that granting the motion is necessary to correct a significant error.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Express Scripts, Inc.'s Motion for Reconsideration [345] is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall resubmit their Joint Proposed Scheduling Plan with amended dates no later than **Tuesday, May 30, 2017**.

Dated this 16th day of May, 2017.

*John A. Ross*
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**