UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HM COMPOUNDING SERVICES, LLC, and HMX SERVICES, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:14-CV-01858 JAR ) |
| EXPRESS SCRIPTS, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' fully briefed Motion to Compel Production and/or in Camera Review of Documents on Express Scripts' Privilege Log (Doc. No. 361). The Court held a hearing on the motion on July 11, 2017. At issue is a privilege log produced by Express Scripts on June 10, 2016. The privilege log numbers 798 pages and lists some 7,000 documents withheld from production to Plaintiffs on the basis of attorney-client privilege and the work product doctrine. (Doc. No. 361-1). Plaintiffs contend that Express Scripts has asserted privileges that are either presumptively invalid or so vague that they are unable to determine their validity. Given the scope and extent of the discovery disputes in this case, and after giving the parties every opportunity to limit those disputes, the Court has determined it necessary to appoint a Special Master in this case to resolve the parties' outstanding discovery issues, including, but not limited to, the manner and method of completing an *in camera* review of the documents on Express Scripts' privilege log.

Pursuant to Federal Rule of Civil Procedure 53(b)(1), the Court gave the parties notice and opportunity to file any objections or suggestions with regard to the appointment of a Special

Master (Doc. No. 380). On July 20, 2017, Plaintiffs filed a Status Report of Discovery Issues stating they had no objection to the Court's intention to appoint a Special Master (Doc. No. 382). On July 21, 2017, Defendant filed its Status Report on Discovery Issues, requesting additional time to provide Plaintiffs with a supplemental privilege log prior to requesting appointment of a Special Master (Doc. No. 383). Each party has since submitted a list of suggested candidates for Special Master for the Court's consideration (Doc. Nos. 384, 387). Stephen N. Limbaugh, Sr. of the firm Armstrong Teasdale, is on both parties' lists. On August 11, 2017, the Court held a conference call with counsel. Neither side expressed any concern or opposition to Judge Limbaugh's appointment should the Court determine that appointment of a Special Master was necessary and appropriate.

After consideration, the Court has asked Stephen N. Limbaugh, Sr., to take the assignment of Special Master in this case. Judge Limbaugh has provided the Court with the affidavit required by Federal Rule of Civil Procedure 53(b)(3)(A), stating that there are no grounds for his disqualification as Special Master under 28 U.S.C. § 455 (Doc. No. 389).

Accordingly,

**IT IS HEREBY ORDERED** that Stephen N. Limbaugh, Sr., is appointed as Special Master to resolve the parties' outstanding discovery issues, including, but not limited to, the manner and method of completing an *in camera* review of the documents on Express Scripts' privilege log.

Judge Limbaugh shall proceed with all reasonable diligence in his position as Special Master. In the execution of this reference, the Special Master shall possess and may exercise, to the extent permitted by law, Federal Rule of Civil Procedure 53, and the United States Constitution, all powers to make such orders as may be necessary and appropriate to fulfill the

duties assigned to the Special Master under this Memorandum and Order, subject to review by the Court. The Special Master shall also have the broad authority to avail himself of all necessary and appropriate support services, including associates in his firm.

The Special Master shall meet with the parties to confer on an acceptable process and procedure for reviewing the documents on Express Scripts' privilege log, including the review of a subset of documents (e.g., 25, 50, 75, or another reasonable number).

The parties and their counsel shall provide the Special Master with their full cooperation, including making available to the Special Master any files, databases, documents or pleadings necessary to fulfill his function.

The Special Master may communicate *ex parte* with the Court on any matter. He may communicate *ex parte* with the parties to discuss the merits of a particular dispute, for the purpose of resolving that dispute, but only with the prior permission of the opposing counsel involved.

The Special Master shall report to the Court on all matters within his jurisdiction within **sixty (60) days** of the date of this Memorandum and Order or upon such other schedule as the Special Master requires and serve a copy of his report on each party consistent with Fed. R. Civ. P. 53.

Any party may object to any order or report issued by the Special Master by filing a written objection with the Court within seven (7) days of the issuance of such order or report. Any response to such objection must be in writing and filed within seven (7) days of the filing of the objection. The report of the Special Master will be reviewed by the Court consistent with Fed. R. Civ. P. 53. Failure to file a timely objection may waive the right to object.

This referral to the Special Master is limited to the duties specified herein unless the

Court shall expand the duties. This reference shall terminate upon the submission by the Special Master of his Final Report, unless extended by further order of the Court.

The Special Master shall bill for his services herein at his regular hourly rate as well as the regular hourly rate of his associates and support staff.

Given the extensive scope of the discovery disputes and the time required to address them, the Court has determined it necessary to order each side to deposit into the Registry of the Court, **within ten (10) days of the date of this Order**, the sum of **$25,000.00** as and for compensation for the fees and other costs incurred by the Special Master in connection with this reference. At the conclusion of this reference, any funds remaining will be returned to the respective parties. The Court reserves the right to reallocate the apportionment of costs if the Court determines a party has acted in bad faith.

The Special Master shall maintain his billing records of time spent on this matter, documents received from the parties, and copies of his orders and reports.

The Clerk of Court shall provide Special Master Limbaugh with complete access to the electronic court file without charge.

This Memorandum and Order is subject to amendment by the Court *sua sponte,* upon application of the parties, or upon application of the Special Master. Jurisdiction of this action is retained by the Court.

Judge Limbaugh's contact information is: Stephen N. Limbaugh, Sr., Armstrong Teasdale LLP, 7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105, (314) 621-5070.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of August, 2017.