UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HM COMPOUNDING SERVICES, LLC, and HMX SERVICES, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:14-CV-01858-JAR ) |
| EXPRESS SCRIPTS, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Corrected Motion for Substitution (Doc. No. 416). The motion is fully briefed and ready for disposition.[1]

Plaintiff HM Compounding Services, LLC, and its New York and New Jersey affiliated pharmacies, is an independently-owned and closely-held holding company of various compounding pharmacies. (First Amended Complaint ("FAC"), Doc. No. 126 at ¶¶ 1, 10.) Plaintiff HMX Services, LLC, is HM Compounding Services, LLC's New Jersey affiliated pharmacy ("HM New Jersey"). (Id. at ¶ 11.) Plaintiffs filed the operative complaint in this case on December 1, 2014, challenging Express Scripts' termination of HMX Services, LLC from the Express Scripts pharmacy provider network. On December 10, 2014, Plaintiff HM Compounding Services, LLC changed its name to Vividus, LLC. On or about January 26, 2018, Plaintiff HMX Services, LLC, together with HMX Services of NY, LLC, - HM Compounding Services, LLC's New York affiliated pharmacy ("HM New York") – merged into Vividus, LLC.

---

[1] With leave of Court, Defendant Express Scripts filed a sur-reply in response to Plaintiffs' reply on February 13, 2018. (Doc. Nos. 422, 423.)

In their motion, Plaintiffs assert that Vividus is in a position to be substituted for HM Compounding Services, LLC due to the name change and as the surviving entity post-merger of the New York and New Jersey affiliated pharmacies. Plaintiffs further assert that Vividus has the right to pursue all of the claims brought in the First Amended Complaint on behalf of itself and its New Jersey *and* New York affiliated pharmacies. Express Scripts opposes the motion, arguing that this is no mere substitution, but rather an improper attempt to add an entirely new party, HM New York, and an entirely new contract to this case.

Federal Rule of Civil Procedure 25 does not require that the court or the parties take any action after an interest has been transferred. Instead, the suit may continue with the original parties. Fed. R. Civ. P. 25(c). Joinder or substitution is not required unless the court determines, in its discretion, that the transferee's presence would facilitate the case. See 6 Moore's Federal Practice § 25.34[2] (Matthew Bender 3d ed.).

For the past three years, the parties have been vigorously litigating whether Express Scripts had a right to terminate HMX Services, LLC ("HM New Jersey") from its provider network due to HM New Jersey's alleged breaches of contract. The issue of HM New Jersey's contractual compliance has been the subject of extensive discovery, a motion to dismiss and a motion for partial summary judgment. The case is currently set for trial on August 27, 2018. The Court finds that substituting Vividus for HM Compounding Services, LLC at this stage of the proceedings would not facilitate the litigation and in fact could confuse the issues in the case. Moreover, the nature of this action remains the same regardless of the Plaintiff's name.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Corrected Motion for Substitution [416] is **DENIED**.

Dated this 14th day of February, 2018.

                                       **JOHN A. ROSS**
                                       **UNITED STATES DISTRICT JUDGE**