**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| HM COMPOUNDING SERVICES, LLC, et al., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 4:14-CV-01858 JAR |
| EXPRESS SCRIPTS, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on four separate discovery disputes referred to Special Master Stephen N. Limbaugh, Sr., for resolution: (i) Plaintiffs' Second Request for Production and Motion to Compel (Doc. No. 420); (ii) Defendant's Second Request for Production and Motion to Compel (served March 9, 2018); (iii) Plaintiffs' Motion for Approval of Proposed Rule 30(b)(6) Topics List and Document Requests (served March 18, 2018); and (iv) Defendant's Motion to Compel Plaintiffs' Production of Receipts for Cash-Paying Customer Transactions (served on April 26, 2018). On June 11, 2018, the Special Master filed two Orders, one addressing the first three disputes (Doc. No. 444) and the other addressing the fourth dispute (Doc. No. 445).

In his first Order, the Special Master noted the parties had resolved the majority of their disputes relating to their respective second requests for production of documents and Plaintiffs' proposed topics and document requests for a Rule 30(b)(6) deposition of Express Scripts' corporate representative. As for Plaintiffs' request for all recredentialing questionnaires distributed by and submitted to Express Scripts between January 1, 2014 and August 1, 2014

(Request No. 1), the Special Master concluded that the questionnaires did not appear to establish any of the issues Plaintiffs claim are crucial to their case and recommends denial of Plaintiffs' motion to compel on this issue. As for Plaintiffs' request that Express Scripts identify which agreements it claims Plaintiffs breached (Request No. 6), in light of Express Scripts' position that all material responsive to this request have already been produced, the Special Master recommends that Express Scripts be ordered to identify the Bates label ranges of the previously produced material responsive to this request.

With respect to Express Scripts' requests concerning Plaintiffs' financial records (Request Nos. 41-44), the Special Master recommends that Plaintiffs be ordered to produce materials responsive to the requests. Likewise, to the extent Plaintiffs have not produced all responsive materials related to their ingredient acquisition costs (Request Nos. 40, 41), the Special Master recommends that Plaintiffs be ordered to produce them. As for Express Scripts' request for Plaintiffs' signature logs, delivery records, proof of delivery and other related documentation (Request No. 47), the Special Master concluded that this information is equally accessible to Express Scripts – if not already in Express Scripts' possession – and recommends denial of Express Scripts' motion to compel on this issue.

Lastly, with respect to Plaintiffs' proposed Rule 30(b)(6) topics concerning the formulation of the recredentialing policy implemented by Express Scripts for compound pharmacies, and Express Scripts' policies and procedures regarding collection of copays, the rate of collection between January 1, 2014 and December 31, 2014, and the dispensing of prescriptions to health plan members with outstanding copay balances, the Special Master recommends that Plaintiffs be permitted to inquire about these topics. In light of Express Scripts' representations that it has already produced material responsive to Plaintiffs' Rule 30(b)(6)

document requests when responding to other written requests for documents, the Special Master further recommends that Express Scripts not be ordered to produce to any new materials. Instead, Express Scripts shall provide Bates label ranges of previously produced documents responsive to Plaintiffs' disputed Rule 30(b)(6) document requests.

In his second Order addressing Express Scripts' motion to compel production of receipts for cash-paying customer transactions, the Special Master concluded that while the requested documents appeared to be discoverable, they were unavailable based on the representations of Plaintiffs' Chief Marketing Officer and Plaintiffs' counsel. The Special Master declined to compel Plaintiffs to supplement their discovery responses in this regard.

The deadline for filing objections to the Special Master's Orders was June 18, 2018. No objections having been filed, the Court will adopt the Special Master's memoranda and orders.

Accordingly,

**IT IS HEREBY ORDERED** that the Special Master's Memoranda and Orders [444, 445] are **SUSTAINED, ADOPTED AND INCORPORATED HEREIN**.

**IT IS FURTHER ORDERED** that the Special Master is directed to submit his statement of fees and costs incurred in connection with this matter to the Court within ten (10) days of the date of this Order.

Dated this 22nd day of June, 2018.

                                                  */s/ John A. Ross*
                                                  **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**