UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HM COMPOUNDING SERVICES, LLC, and HMX SERVICES, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:14-cv-01858 (JAR) ) ) |
| EXPRESS SCRIPTS, INC., | ) ) |
| Defendant. | ) ) |

**DEFENDANT EXPRESS SCRIPTS, INC.'S MOTION FOR
JUDGMENT AS A MATTER OF LAW UNDER RULE 56(f)
ON LIABILITY FOR COUNT II OF ITS COUNTERCLAIM**

Defendant Express Scripts, Inc. ("Express Scripts") submits this Motion for Judgment as a Matter of Law under Rule 56(f) on Liability for Count II of its Counterclaim:

1. This Court entered summary judgment in Express Scripts' favor on Plaintiffs' breach of contract claim. *See* Doc. No. 580. In doing so, this Court found as a matter of law that (1) Plaintiffs breached the contract; and (2) Express Scripts did not breach this contract. As a result of these findings, Express Scripts is entitled to judgment as a matter of law on liability for Count II of the Counterclaim.

2. Under Missouri law, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010).

3. Here, the Court found that Plaintiffs and Express Scripts entered into a contract consisting of the Provider Agreement and the Provider Manual. Doc. No. 580 at 3. The Court

also found that Plaintiffs agreed to collect copayments, and not submit manipulated U&C cash prices for reimbursement.  Doc. No. 580 at 3-4, 18.  These findings establish—as a matter of law—the first element of a breach of contract claim.

4. The Court also found that Express Scripts performed pursuant to the contract and did not breach. Doc. No. 580 at 11; 18. This finding established the second element of a breach of contract claim.

5. Finally, this Court found that the "[t]he undisputed evidence establishes that HM breached the Provider Agreement by failing to collect copayments and by submitting manipulated U&C cash prices for reimbursement." Doc. No. 580 at 18.  That finding establishes—as a matter of law—the third element of a breach of contract claim.

6. As a result of these findings, the only triable issues that remain on Express Scripts' breach of contract claim are whether Plaintiffs' breaches damaged Express Scripts, and if so, the amount of damages.

WHEREFORE, for the foregoing reasons, Express Scripts respectfully requests that this Court enter judgment as a matter of law on the liability elements of Count II of Express Scripts' Counterclaim.

Dated:  November 10, 2018.				Respectfully submitted,


						HUSCH BLACKWELL LLP

By:	*/s/* Christopher A. Smith
	Christopher A. Smith, #53266MO
	Sarah C. Hellmann, #50373MO
	Jason Husgen, #66761MO
	190 Carondelet Plaza, Suite 600
	St. Louis, MO  63105
	P: (314) 480-1500
	F: (314) 480-1505
	chris.smith@huschblackwell.com
	sarah.hellmann@huschblackwell.com
	jason.husgen@huschblackwell.com

	Michael J. Lyle (*pro hac vice*)
	Eric C. Lyttle (*pro hac vice*)
	Meghan A. McCaffrey (*pro hac vice*)
	QUINN EMANUEL URQUHART &
	SULLIVAN, LLP
	1300 I Street NW, Suite 900
	Washington, DC 20005
	P: (202) 538-8000
	F: (202) 538-8100
	mikelyle@quinnemanuel.com
	ericlyttle@quinnemanuel.com
	meghanmccaffrey@quinnemanuel.com

	***Attorneys for Defendant Express Scripts, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th day of November, 2018, the foregoing was filed electronically with the Clerk of Court, and served via the Court's electronic filing system upon all counsel of record.

/s/ Christopher A. Smith