**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| HM COMPOUNDING SERVICES, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  4:14-CV-01858 (JAR) |
| ) | |
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW UNDER RULE 56(f) ON
LIABILITY OF COUNT II OF ITS COUNTERCLAIM**

Plaintiffs HM Compounding Services, LLC and HMX Services, LLC (together "Plaintiffs" or "HMC"), by and through their undersigned counsel, respectfully submits this response to Defendant's Motion for Judgment as a Matter of law.

**INTRODUCTION**

Following this Court's Memorandum and Order dated November 8th (ECF No. 582), this Court entered a second Order setting this matter down for a Scheduling Conference on November 9th (ECF No. 581).  Counsel for all parties appeared telephonically.

At that hearing, Express Scripts ("ESI") suggested that this Court's Order granting its Renewed Motion for Summary Judgment and denying HMC's Motion

1

for Partial Summary Judgment had several consequences.  At that hearing, ESI indicated that it believed that this Court had effectively granted judgment on its breach of contract counterclaim (Count II) based on the two breaches found in the Court's Order; namely, HMC's failure to collect copayments and HMC's submission of incorrect usual and customary prices (U&C).

This Court directed ESI to file a Motion setting forth the relief they are seeking. On November 10th, ESI served the instant Motion (ECF No. 582).  This memorandum is HMC's response thereto.

## RESPONSE

First, although HMC disagrees with the Court's finding that it breached the contract by failing to collect copayments and by submitting incorrect U&C prices, it acknowledges that those findings have been made and are now applicable to ESI's breach of contract counterclaim.

Second, HMC agrees that the elements of a breach of contract claim are generally those that are set forth in ESI's motion.  Namely, ESI would normally have the burden to prove all the following elements to prevail on its breach of contract counterclaim:

1. The existence of a contract and its terms;

2. HMC's breach of the contract;

3. ESI's full performance of the contract; and

4.  ESI's actual damages directly flowing from HMC's breach.

Third, assuming the Court is going to apply the factual findings of HMC's breaches to ESI's breach of contract counterclaim, HMC agrees that element #2 above has been established by the Court's rulings regarding copayments and U&C submissions.  Further, element #1 is not in dispute.

Fourth, ESI's motion contains a misstatement or, at a minimum, a misunderstanding of the Court's November 9th ruling.  On page 18 of that Order, this Court did state that ESI had not breached the contract.  However, that ruling was clearly referencing the New Jersey Addendum which was the focus of HMC's Motion for Partial Summary Judgment.  More specifically, the Court ruled that ESI had not breached Section 6 of the New Jersey Addendum that was appended to the ESI Provider Manual.  This Court did not and could not have found that ESI committed no material breaches of the parties' contract, since the motions the Court was ruling on did not make that argument for disposition.

Stated differently, HMC moved for partial summary judgment only on ESI's breach of the New Jersey Addendum, because HMC believed the record evidence left no room for genuine dispute on that issue. The Court disagreed, and held ESI did not breach the New Jersey Addendum. That certainly does not equate with a ruling that ESI substantially performed all material aspects of its contract, which is what ESI has the burden to prove to succeed on Count II of its counterclaim.

Accordingly, the third element of ESI's breach of contract claim (i.e., its substantial performance of the contractual terms) has not been satisfied as a matter of law.

Finally, both sides agree that ESI must prove that HMC's breaches (i.e. copayment collection and U&C submissions) caused ESI actual damage and, if so, the amount must still be proven.  Accordingly, element #4 of ESI's breach of contract counterclaim remains to be tried.

## **CONCLUSION**

In light of the above, the only issues that are to be tried in this phase of the trial are whether ESI fully performed its obligations under the parties' contract and, if so, whether HMC's breaches, namely the failure to collect copayments and the submission of incorrect U&C caused ESI actual damages.  Lastly, if so, in what amount.

Respectfully submitted,

*/s/ Andrew S. Brenner*
Andrew S. Brenner
Florida Bar No. 978663
E-mail:  abrenner@bsfllp.com
Lawrence V. Ashe
Florida Bar No. 932280
E-mail: lashe@bsfllp.com
Tyler E. Ulrich
Florida Bar No. 94705
E-mail: tulrich@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800

Miami, Florida  33131
Tel: 305-539-8400/Fax: 305-539-1307

***Attorneys for Plaintiffs (Pro Hac Vice)***
***HM Compounding Services, LLC***
***and HMX Services, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of November, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system for electronic service on all counsel of record.

*/s/ Andrew S. Brenner*
Andrew S. Brenner

5