**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HM COMPOUNDING SERVICES, LLC, and HMX SERVICES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:14-cv-01858 (JAR) |
| v. | ) ) | |
| EXPRESS SCRIPTS, INC., | ) ) | |
| Defendant. | ) ) | |

**EXPRESS SCRIPTS, INC.'S PROPOSED JURY INSTRUCTIONS**

Express Scripts, Inc. ("Express Scripts") respectfully submits the attached proposed jury instructions. Pages 3-28 contain general explanatory instructions for the jury, taken from the *Manual of Model Civil Jury Instructions for the District Courts of the Eight Circuit* (2018), hereinafter "Model Civ. Jury Instr., Eighth Circuit."[1] Pages 29-38 contain instructions directed toward Express Scripts' claims.

---

[1] The full set is available at www.juryinstructions.ca8.uscourts.gov/2018-REV_3.0_Jury_Instructions.pdf.

Dated: November 12, 2018                Respectfully submitted,


                                        HUSCH BLACKWELL LLP

                                        By:    */s/* Christopher A. Smith
                                               Christopher A. Smith, #53266MO
                                               Sarah C. Hellmann, #50373MO
                                               Jason Husgen, #66761MO
                                               190 Carondelet Plaza, Suite 600
                                               St. Louis, MO 63105
                                               P: (314) 480-1500
                                               F: (314) 480-1505
                                               chris.smith@huschblackwell.com
                                               sarah.hellmann@huschblackwell.com
                                               jason.husgen@huschblackwell.com

                                               Michael J. Lyle (*pro hac vice*)
                                               Eric C. Lyttle (*pro hac vice*)
                                               Meghan A. McCaffrey (*pro hac vice*)
                                               QUINN EMANUEL URQUHART &
                                               SULLIVAN, LLP
                                               1300 I Street NW, Suite 900
                                               Washington, DC 20005
                                               P: (202) 538-8000
                                               F: (202) 538-8100
                                               mikelyle@quinnemanuel.com
                                               ericlyttle@quinnemanuel.com
                                               meghanmccaffrey@quinnemanuel.com

                                               ***Attorneys for Express Scripts, Inc.***

2

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Legal Overview**

These preliminary instructions should be read to the jury at the commencement of trial. They need not be submitted in written form even if other instructions are given in written form at the time the case is submitted to the jury.

(Instruction No. 1.01 should be read to the jury panel before voir dire and Instruction No. 1.02 should be read at the end of voir dire.)

Model Civ. Jury Instr., Eighth Circuit, No. 1.00 (2018).

## EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __
### Explanatory: Instructions Before Voir Dire

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, (briefly advise jurors of your court's rules concerning cellphones, cameras and any recording devices).

You may tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court. If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. Furthermore, you must not post any information on any social media or a social network, or communicate with anyone, about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research—on the Internet, through social media, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reason for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow the court's instructions could also result in you being held in contempt of the court and punished accordingly.

[Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?] (And then continue with other voir dire.)

Model Civ. Jury Instr., Eighth Circuit, No. 1.01 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Instructions at End of Voir Dire**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

Model Civ. Jury Instr., Eighth Circuit, No. 1.02 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: General; Nature of Case; Burden of Proof; Duty of Jury; Cautionary**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions—those I give you now and those I give you later, whether they are in writing or given to you orally—are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This case was a breach of contract case brought by HM Compounding Services, LLC and HMX Services, LLC ("HM New Jersey"), against Express Scripts, Inc. HM New Jersey claimed that Express Scripts wrongfully terminated a contract between Express Scripts and HM New Jersey. Express Scripts brought a counterclaim against HM New Jersey, contending that HM New Jersey breached the contract.

This Court dismissed HM New Jersey's claim, and in doing so, made several findings that are important to Express Scripts' counterclaim. First, this Court found that there was a contract between Express Scripts and HM New Jersey. Second, this Court found that Express Scripts performed its obligations under the contract.  You are therefore not to consider Express Scripts' performance under the contract.  Third, this Court found that HM New Jersey breached the contract in two ways:  first, the Court found that the undisputed evidence was that HM New

7

Jersey breached the contract by only collecting between 2.7% and 9% of the copayments is was contractually obligated to collect; and second, this Court also found that the undisputed evidence was that HM New Jersey submitted a manipulated "Usual & Customary" or "U&C" price for 9,890 claims it submitted to Express Scripts for reimbursement.

For the purposes of this trial, those findings are important because they prove that HM New Jersey is liable on Express Scripts' breach of contract counterclaim. All that remains to be resolved at trial—by you, the jury—is whether HM New Jersey's breach of contract damaged Express Scripts, and if so, the amount of those damages.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

Model Civ. Jury Instr., Eighth Circuit, No. 1.03 (2018), modified to include neutral summary of the case. *See* Dkt. No. 533 at 4 (Defendant's Proposed Summary of the Case).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Evidence; Limitations**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1.      Lawyers' statements, arguments, questions, and comments are not evidence.

2.      Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.      Objections are not evidence. Lawyers have a right—and sometimes a duty—to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4.      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.      Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Model Civ. Jury Instr., Eighth Circuit, No. 1.04 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Bench Conferences and Recesses**

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Model Civ. Jury Instr., Eighth Circuit, No. 1.05 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: No Transcript Available [Note-Taking]**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

Model Civ. Jury Instr., Eighth Circuit, No. 1.06 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Conduct of the Jury**

Jurors, to make sure this trial is fair to the parties, you must follow these rules:

*First,* do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third,* when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth,* during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case—not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is just about the weather—that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth,* you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any

manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on or use any internet or other medium, including an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations—until I accept your verdict.

*Sixth,* do not do any research—on the Internet, in libraries, newspapers, or otherwise—and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or [the judge/me/the court].

*Seventh,* do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved

15

with it. In fact, until the trial is over I suggest that you reduce or limit [avoid at all] reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to decide it.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other places or sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. [If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.]

*Eighth,* do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

Model Civ. Jury Instr., Eighth Circuit, No. 1.08 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Outline of Trial**

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting its case, the defendants may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

Model Civ. Jury Instr., Eighth Circuit, No. 1.09 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Overview**

Instructions contained in this section may be read to the jury during the course of the trial. They are not generally intended for submission in written form at the conclusion of the case, although there is no particular reason why, in appropriate circumstances, they could not be submitted to the jury as part of the written package. Generally, they will not be reread to the jury at the conclusion of the case, although the court has discretion to do so.

Model Civ. Jury Instr., Eighth Circuit, No. 2.0 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Duties of Jury; Recesses**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.[1]

**Notes on Use**

1.     This language may be omitted for subsequent breaks during trial, but not for overnight or weekend recesses.

Model Civ. Jury Instr., Eighth Circuit, No. 2.01 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Stipulated Facts**

The plaintiff and the defendants have stipulated—that is, they have agreed—that certain facts are as counsel have just stated. You must, therefore, treat those facts as having been proved.

Model Civ. Jury Instr., Eighth Circuit, No. 2.03 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Demonstrative Summaries Not Received as Evidence**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

Model Civ. Jury Instr., Eighth Circuit, No. 2.11 (2018).

21

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Deposition Evidence at Trial**

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered [was recorded in writing and now will be read to you] [was electronically video recorded and that recording now will be played for you]. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. [You should not place any significance on the manner or tone of voice used to read the witness's answers to you.]

Model Civ. Jury Instr., Eighth Circuit, No. 2.14 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Additional Instructions**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions—the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of or during the trial.

You will have copies of the instructions I am about to give you now in the jury room. [You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others.] [Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.][1]

**Notes on Use**

1. Optional for use when the final instructions are to be sent to the jury room with the jury. The Committee recommends that practice.

Model Civ. Jury Instr., Eighth Circuit, No. 3.01 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Judge's Opinion**

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.][1]

**Notes on Use**

1. Use only if judge has asked questions during the course of the trial.

Model Civ. Jury Instr., Eighth Circuit, No. 3.02 (2018).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time;[1] whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

[In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.]

**Notes on Use**

1. With respect to the use of prior inconsistent statements, Fed. R. Evid. 105 gives a party the right to require a limiting instruction explaining that the use of this evidence is limited to credibility. Note, however, that such a limiting instruction should not be given if the prior inconsistent statement was given under oath in a prior trial, hearing or deposition, because such prior sworn testimony of a witness is not hearsay and may be used to prove the truth of the matters asserted. Fed. R. Evid. 801(d)(1)(A).

Model Civ. Jury Instr., Eighth Circuit, No. 3.03 (2018).

25

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**
**Explanatory: Burden of Proof (Ordinary Civil Case)**

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Model Civ. Jury Instr., Eighth Circuit, No. 3.04 (2018).

26

## EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __
### Explanatory: Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First,* you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second,* it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges—judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the [marshal] [bailiff] [court security officer] and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone—including me—how many jurors are voting for any side.

*Fourth,* your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.[1]

*Finally,* the verdict forms are your written decision in this case. The forms read: (read forms). You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the [marshal] [bailiff] [court security officer] that you are ready to return to the courtroom. [If more than one form was furnished, you will bring the unused forms in with you.]

**Notes on Use**

1. The trial judge may give a fair summary of the evidence as long as the comments do not relieve the jury of its duty to find that each party has proved those elements upon which such party has the burden of proof. Judges may, in appropriate cases, focus the jury on the primary disputed issues, but caution should be exercised in doing so. *See United States v. Neumann,* 887 F.2d 880, 882-83 (8th Cir. 1989) (en banc).

Model Civ. Jury Instr., Eighth Circuit, No. 3.06 (2018).

# Package A

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**

Instructions Nos. ___ and __ apply to Express Scripts' claim for breach of contract in connection with HM New Jersey's submission of manipulated cash prices ("Usual & Customary" or "U&C" prices) to Express Scripts for reimbursement. Use Verdict A to return your verdict on this claim.

MAI 2.05.

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**

Your verdict must be for Express Scripts on its breach of contract claim, if you believe Express Scripts was damaged by HM New Jersey's submission of manipulated cash prices ("Usual & Customary" or "U&C" prices) to Express Scripts for reimbursement.

MAI 26.06 (7th ed.), incorporating Section 4.2 of the Provider Agreement, and Sections 2.7 and 2.9 of the Provider Manual; *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (relaying the elements of a breach of contract claim).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**

If you find in favor of Express Scripts on its claim in connection with HM New Jersey's submission of manipulated cash prices ("Usual & Customary" or "U&C" prices) to Express Scripts for reimbursement, then you must award Express Scripts such sum as you believe will fairly and justly compensate Express Scripts for any damages you believe Express Scripts sustained as a direct result of the occurrence(s) mentioned in the evidence.

MAI 4.01.

**Verdict A**

Note: Complete this form by writing in the name required by your verdict.

On the claim of Express Scripts for breach of contract against HM New Jersey, we, the undersigned jurors, find in favor of:

_____

Express Scripts            or            HM New Jersey


Note:   Complete the following paragraph only if the above finding is in favor of Express Scripts.

We, the undersigned jurors, assess the damages of Express Scripts as follows:

For actual damages $_____ (stating the amount).


Note: All jurors who agree to the above must legibly sign or print their names below:

_____        _____

_____        _____

_____        _____

MAI 36.01

# Package B

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**

Instructions Nos. ___ and __ apply to Express Scripts' claim for breach of contract in connection with HM New Jersey's failure to collect copayments for the prescriptions it dispensed to Express Scripts members. Use Verdict B to return your verdict on this claim.

MAI 2.05.

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**

Your verdict must be for Express Scripts on its breach of contract claim, if you believe Express Scripts was damaged by HM New Jersey's failure to collect copayments for the prescriptions it dispensed to Express Scripts members.

MAI 26.06 (7th ed.), incorporating Sections 2.4 and 4.2 of the Provider Agreement; *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (relaying the elements of a breach of contract claim).

**EXPRESS SCRIPTS' PROPOSED JURY INSTRUCTION NO. __**

If you find in favor of Express Scripts on its claim in connection with HM New Jersey's failure to collect copayments for the prescriptions it dispensed to Express Scripts members, then you must award Express Scripts such sum as you believe will fairly and justly compensate Express Scripts for any damages you believe Express Scripts sustained as a direct result of the occurrence(s) mentioned in the evidence.

MAI 4.01.

**Verdict B**

Note: Complete this form by writing in the name required by your verdict.

On the claim of Express Scripts for breach of contract against HM New Jersey, we, the undersigned jurors, find in favor of:

_____
              Express Scripts          or          HM New Jersey


Note:   Complete the following paragraph only if the above finding is in favor of Express Scripts.

We, the undersigned jurors, assess the damages of Express Scripts as follows:

For actual damages $_____ (stating the amount).


Note: All jurors who agree to the above must legibly sign or print their names below:

_____   _____

_____   _____

_____   _____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 12th day of November, 2018, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

_____/s/ Christopher A. Smith_____
