UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HM COMPOUNDING SERVICES, ) <br> LLC, and HMX SERVICES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EXPRESS SCRIPTS, INC., ) <br> ) <br> Defendant. ) | Case No. 4:14-cv-01858 (JAR) |

### EXPRESS SCRIPTS, INC.'S RESPONSE IN OPPOSITION TO HM NEW JERSEY'S OMNIBUS MOTION IN LIMINE

Express Scripts, Inc. ("Express Scripts") submits this Response in Opposition to HM Compounding Services, LLC and HMX Services, LLC's (collectively, "HM New Jersey") Omnibus Motion in Limine (Doc. 544):[1]

### LEGAL STANDARD

"The trial court has broad discretion in determining the relevancy and admissibility of evidence and under Rule 403, great deference is given to a district court's balancing of the relative value of a piece of evidence and its prejudicial effect." *Chism v. CNH Am. LLC*, 638 F.3d 637, 641 (8th Cir. 2011) (internal quotations and alternations omitted).

"Evidence is relevant if: (a) it has any tendency to make a fact more probable or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 403: "The court may exclude relevant evidence if

---

[1] In light of the Court's November 8, 2018 Memorandum and Order (Doc 580), Express Scripts is only opposing HM New Jersey's motions *in limine* that still appear to be at issue for trial. However, should HM New Jersey argue that other, previously filed motions remain relevant at this stage of the case, Express Scripts reserves all rights to oppose such motions at the parties' November 13, 2018 pretrial conference.

its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "Rule 403 is only a bar to evidence that is *unfairly* prejudicial, not merely prejudicial." *Burris v. Gulf Underwriters Ins. Co.*, 787 F.3d 875, 801 (8th Cir. 2015) (emphasis in original).  "Generally, the balance of Rule 403 weighing should be struck in favor of admission." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 885 (8th Cir. 2006).

## ARGUMENT

**Response to HM New Jersey's MIL #2: Evidence of HM New Jersey's owners' or employees' financial information or their use of company money is relevant and admissible.**

HM New Jersey asks the Court to exclude as irrelevant evidence of "personal financial information of [HM New Jersey's] owners or employees or their use of company money," (Doc. 445 at 3-4.), characterizing the evidence regarding "how distributions were spent by owners of the company" on "such things as boats" as irrelevant to this case. (Doc. 544 at 3.)  Yet HM New Jersey's compensation, distributions, and use of company money could not be more relevant at this stage.  Indeed, this evidence goes directly to the fact of the damages suffered by Express Scripts that are now before the jury.

More specifically, HM New Jersey's pervasive and luxurious spending illustrates—in concrete, powerful ways—the benefits that HM New Jersey and its principles, Mr. Malkin and Mr. Chervinsky, reaped from the thousands of manipulated and inflated U&C cash prices submitted by HM New Jersey to Express Scripts for payment.  Indeed, it was only because of this inflation scheme—and the resulting millions in overcharges paid by Express Scripts—that Mr. Malkin and Mr. Chervinsky were able to purchase the yachts, watches, and jewelry that they

2

now ask be excluded.  Put bluntly, the evidence of HM New Jersey's purchases, multi-million dollar distributions, payments to prescribers, and luxurious lifestyle show the magnitude of the harm inflicted on Express Scripts as a result of HM New Jersey's breaches of contract.  The jury is entitled to see this evidence as they seek to properly value the harm suffered by Express Scripts and award damages here.

For these reasons, evidence relating to HM New Jersey's owners' or employees' finances and their use of HM New Jersey's funds for their personal benefit is not only relevant to, but highly probative of, the damages suffered by Express Scripts in this case, and is therefore admissible.

**Response to HM New Jersey's MIL #6:  Express Scripts can present general background evidence on the importance of copayments.**

HM New Jersey seeks to exclude "evidence or suggestion that [its] conduct resulted in increased insurance costs or premiums."  (Doc. 544 at 7.)  Express Scripts does not intend to present evidence that HM New Jersey's "conduct caused insurance plans to pay more for their member's prescription drug needs, resulting in higher premiums."  (*Id.*)  But that does not prevent Express Scripts from presenting evidence on the importance of copayments.  Evidence on how copayments work and the importance of those copayments constitutes "[e]vidence which is essentially background in nature." *United States v. Littlewind*, 680 F. App'x 496, 498 (8th Cir. 2017) (quoting Fed. R. Evid. 401 advisory committee notes to 1972 proposed rules).

This type of background evidence "is often considered relevant and 'admitted as an aid to understanding' the case." *Id.*; *see also Whitehead v. Bond*, 680 F.3d 919, 930-31 (7th Cir. 2012) (holding that, where background information helped answer a series of "why" questions regarding actions taken before plaintiff arrived on the scene, and placed those actions in context, "[t]hat made it relevant") (internal quotation omitted).  For example, Express Scripts will

3

explain, among other things, that "[c]opayments sensitize patients to the cost of a prescription drug. They also operate as a check on fraudulent or improper billing practices for compounding pharmacies, and other practices which undermine compound pricing." Declaration of John Gavin (Doc. 196) ¶ 30. This type of evidence is relevant to the scope of HM New Jersey's breach of contract for failing to collect 97.3% of copayments, and the resulting damages that should flow from that breach.

This evidence also has a high probative value because it helps define the essential background against which the damages now at issue arose, outweighing the danger of any potential unfair prejudicial effect. *See White v. Honeywell, Inc.*, 141 F.3d 1270, 1277 (8th Cir. 1998) (holding that the probative value of a racially charged statement by the defendant's employee "clearly outweigh[ed] the danger of any unfair prejudicial effect the statement may carry with it" because it "help[ed] to define the essential background against which [the plaintiff's] claim arose."). Thus, Express Scripts can present general background evidence on copayments and the importance of copayments.

## CONCLUSION

For the foregoing reasons, Express Scripts respectfully requests that this Court deny Plaintiffs' motions in limine.

Dated:  November 12, 2018	Respectfully submitted,

        HUSCH BLACKWELL LLP

By:	*/s/* Christopher A. Smith
    Christopher A. Smith, #53266MO
    Sarah C. Hellmann, #50373MO
    Jason Husgen, #66761MO
    190 Carondelet Plaza, Suite 600
    St. Louis, MO  63105
    P: (314) 480-1500
    F: (314) 480-1505
    chris.smith@huschblackwell.com
    sarah.hellmann@huschblackwell.com
    jason.husgen@huschblackwell.com

    Michael J. Lyle (*pro hac vice*)
    Eric C. Lyttle (*pro hac vice*)
    Meghan A. McCaffrey (*pro hac vice*)
    QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
    1300 I Street NW, Suite 900
    Washington, DC 20005
    P: (202) 538-8000
    F: (202) 538-8100
    mikelyle@quinnemanuel.com
    ericlyttle@quinnemanuel.com
    meghanmccaffrey@quinnemanuel.com

    ***Attorneys for Express Scripts, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 12, 2018, the foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher A. Smith