UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HM COMPOUNDING SERVICES, LLC, and HMX SERVICES, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 4:14-cv-01858 (JAR) |
| v. | ) ) | |
| EXPRESS SCRIPTS, INC., | ) ) ) | |
| Defendant. | ) | |

**EXPRESS SCRIPTS, INC.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO HM NEW JERSEY'S FINANCIAL CONDITION AND EXPRESS SCRIPTS' ALLEGED ROLE IN PUTTING HM NEW JERSEY OUT OF BUSINESS**

Express Scripts, Inc. ("Express Scripts") moves this Court *in limine* to exclude all evidence and argument relating to HM New Jersey's financial condition and Express Scripts' alleged role in putting HM Compounding Service, LLC and HMX Services, LLC (collectively, "HM New Jersey") out of business.

## ARGUMENT

**I.   Evidence of HM New Jersey's Financial Condition, as it Relates to its Ability to Pay Damages, and Express Scripts' Alleged Role in Putting HM New Jersey Out of Business Is Irrelevant and Unfairly Prejudicial**

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Under Rule 403, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Rule 403 "protects against evidence that is unfairly

prejudicial, that is, if it tends to suggest decision on an improper basis." *United States ex rel. Cairns v. D.S. Med., L.L.C.*, No. 1:12CV00004 AGF, 2017 WL 1304947, at *2 (E.D. Mo. Apr. 7, 2017). The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." *See id.*

HM New Jersey should be precluded from offering evidence or argument relating to their current financial condition as it relates to their ability or inability to satisfy a damages judgment, as well as Express Scripts' alleged role in putting HM New Jersey out of business. The Court's order denying HM New Jersey's motion for partial summary judgment and granting Express Scripts' renewed motion for summary judgment make clear that HM New Jersey breached its contract with Express Scripts by failing to collect 97.3% of copayments and by charging inflated U&C cash prices to Express Scripts for reimbursement. The Court further found that Express Scripts did not breach its contract with HM New Jersey, and therefore, that Express Scripts' termination of HM New Jersey was valid. *See* Doc. 580.

As a result of these findings, HM New Jersey cannot be heard to play the victim. Express Scripts properly terminated HM New Jersey from the Express Scripts' network for breach of contract. Plaintiffs' current financial condition and/or whether HM New Jersey is still in business are irrelevant to, and not probative of, the only remaining issue at trial: the damages owed to Express Scripts for HM New Jersey's breach. Moreover, such evidence or testimony (even assuming *arguendo* that it was marginally relevant) would be likely to inflame the jury or be used to create sympathy on which the jury may improperly base its decision. HM New Jersey's current financial condition, or the operating condition, is not a proper basis on which the jury should base its decision for awarding damages to Express Scripts. *See Thomas v. Bakery, Confectionery & Tobacco Workers, Union Local #433*, No. CV. 83-0-652, 1991 WL 472594, at

*6 (D. Neb. Oct. 11, 1991), *aff'd*, 982 F.2d 1215 (8th Cir. 1992) (holding that the financial condition, as it pertains to a defendant's ability to pay damage award, is not relevant to the determination of compensatory, as opposed to punitive, damages).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Express Scripts respectfully requests that this Court exclude all evidence and argument relating to HM New Jersey's current financial condition and Express Scripts' alleged role in putting HM New Jersey out of business.

DATED:   November 12, 2018　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　HUSCH BLACKWELL LLP

　　　　　　　　　　　　　　　　　　　　*/s/ Christopher A. Smith*
　　　　　　　　　　　　　　　　　　　　Christopher A. Smith, #53266MO
　　　　　　　　　　　　　　　　　　　　Sarah C. Hellmann, #50373MO
　　　　　　　　　　　　　　　　　　　　Jason M. Husgen, #66761MO
　　　　　　　　　　　　　　　　　　　　190 Carondelet Plaza, Suite 600
　　　　　　　　　　　　　　　　　　　　St. Louis, MO 63105
　　　　　　　　　　　　　　　　　　　　P: (314) 480-1500
　　　　　　　　　　　　　　　　　　　　F: (314) 480-1505
　　　　　　　　　　　　　　　　　　　　chris.smith@huschblackwell.com
　　　　　　　　　　　　　　　　　　　　sarah.hellmann@huschblackwell.com
　　　　　　　　　　　　　　　　　　　　jason.husgen@huschblackwell.com

　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART & SULLIVAN, LLP

　　　　　　　　　　　　　　　　　　　　 */s/ Michael J. Lyle*
　　　　　　　　　　　　　　　　　　　　Michael J. Lyle (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Eric C. Lyttle (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Meghan A. McCaffrey (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　1300 I Street NW, Suite 900
　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　P: (202) 538-8000
　　　　　　　　　　　　　　　　　　　　F: (202) 538-8100
　　　　　　　　　　　　　　　　　　　　mikelyle@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　ericlyttle@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　meghanmccaffrey@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　　***Attorneys for Express Scripts, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 12, 2018, the foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                                    */s/* Christopher A. Smith