UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| HM COMPOUNDING SERVICES, LLC, and HMX SERVICES, LLC,<br><br>         Plaintiffs,<br><br>    v.<br><br>EXPRESS SCRIPTS, INC.,<br><br>         Defendant. | Case No. 4:14-cv-01858 (JAR) |

**EXPRESS SCRIPTS' MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW TO EXCLUDE EVIDENCE AND ARGUMENT THAT CONTRADICTS THE NUMBER OF CLAIMS FOR WHICH HM NEW JERSEY SUBMITTED A MANIPULATED U&C CASH PRICE**

Express Scripts, Inc. ("Express Scripts") moves the Court *in limine* to exclude all evidence and argument by HM Compounding Services, LLC and HMX Services, LLC ("HM New Jersey") that challenge the Poirier spreadsheet evidence that HM New Jersey submitted over 9,800 claims to Express Scripts with a manipulated and overstated usual and customary ("U&C") cash price.

**ARGUMENT**

As previewed in HM New Jersey's opposition to Express Scripts' supplemental motion for summary judgment, Express Scripts expects that HM New Jersey will argue that Express Scripts' damages stemming from any "breach based on U&C pricing . . . should be limited to those flowing from the 62 claims" dispensed on the same day and in the same quantity. Doc. 570 at 7-8. HM New Jersey clearly disputed that "thousands of" claims were submitted with a manipulated U&C and urged this Court to disregard the "extrapolation done by Dr. Ptachcinski" in favor of allegedly contradictory testimony from Mr. Malkin and Mr. Chervinsky. *Id.* at 7.

1

Express Scripts, of course, disagrees. But more importantly, the Court rejected these very arguments when it found that HM New Jersey breached the contract by submitting inflated U&C cash prices.

Specifically, this Court held that "[t]he undisputed evidence establishes that HM breached the Provider Agreement . . . by submitting manipulated U&C cash prices for reimbursement." Memorandum & Order (Dkt. No. 580) at 18. In making this finding of liability, the Court relied upon the Poirier Spreadsheet (which cannot be contradicted by HM New Jersey), which evidences "thousands of cash claims for prescriptions priced below AWP and the U&C cash prices HM was submitting to ESI for reimbursement." *Id*. at 15. HM New Jersey should not be permitted to challenge this conclusion at trial for two reasons: (1) the law of the case precludes HM New Jersey from re-arguing liability; and (2) it would contravene this Court's sanctions order.[1]

### I.   THE LAW OF THE CASE DOCTRINE PRECLUDES HM NEW JERSEY FROM REARGUING LIABILITY.

The Court has already determined that HM New Jersey breached the Agreement by submitting claims with a manipulated U&C for reimbursement. That finding is now the law of the case. Under this well-settled doctrine, "'a court should not reopen issues decided in earlier stages of the same litigation.'" *In re Raynor*, 617 F.3d 1065, 1068 (8th Cir. 2010) (quoting *Agostini v. Felton,* 521 U.S. 203, 236 (1997)). By preventing "relitigation of settled issues," the doctrine "protect[s] the expectations of the parties, ensure[s] uniformity of decisions and promot[es] judicial efficiency." *Morris v. American Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir.

---

[1]   Express Scripts acknowledges that HM New Jersey may cross examine Express Scripts' expert witness, Dr. Richard Ptachcinski, (if they so desire) regarding topics like (1) his verification of the data sets that he relies upon for his opinions; (2) the mathematical calculations used in his analyses; and (3) his methodology for concluding that the over 9,890 claims led to an overcharge of over $20 million to Express Scripts.

1993). The law of the case applies to "matters that are decided implicitly, as well as those decided explicitly." *Id.* at 51 (internal citations omitted).

Here, liability and the factual predicates underlying such liability are matters that have already been decided. In finding liability, the Court explicitly found that HM New Jersey had "thousands of cash claims for prescriptions priced below AWP and the U&C cash prices HM [New Jersey] submitted to ESI for reimbursement." Doc. 580 at 15. And in making this finding, the Court implicitly rejected HM New Jersey's claim that there were only 62 claims—of over 11,000 claims—that HM New Jersey submitted in violation of the U&C provisions of the contract. *See* Doc. 570 at 7. These findings are the law of the case and Plaintiffs should not be allowed to argue or imply, through cross examination or otherwise, that Express Scripts' damages are limited to 62 claims. Simply stated, this Court's finding of liability establishes that, in fact, HM New Jersey submitted ***thousands of claims*** with a manipulated U&C cash price. The only issue left for the jury is what damages are attributable to this breach.

## II. HM NEW JERSEY CANNOT CIRCUMVENT THIS COURT'S SANCTIONS ORDER.

HM New Jersey should also be precluded from cross examining or otherwise offering "conflicting evidence on whether the Poirier spreadsheet reflects amounts actually charged to and collected from [HM New Jersey's] cash customers." Doc. 570 at 7. This Court has already "prohibited HM [New Jersey] from using any of the late produced documents related to cash transactions or the audit trail" at trial, and similarly found that HM New Jersey "cannot create a question of fact with the testimony of Mr. Malkin and Mr. Chervinsky alone." Doc. 580 at 15. HM New Jersey should, therefore, be precluded from cross-examining or otherwise offering into evidence any information implying or otherwise suggesting that the Poirier Spreadsheet is

deficient or does not represent a complete and accurate depiction of HM New Jersey's U&C cash prices.

This is the natural and necessary result of HM New Jersey's discovery "misconduct and reckless disregard for the truth of the matters" in this case. *Id*. at 2. Indeed, here it is clear that additional information regarding HM New Jersey's cash prices existed. Mr. Malkin even confirmed that HM New Jersey did, at one point, maintain an official list of cash prices.[2] Despite the existence (and obvious relevance) of that document, it was never produced in this litigation. Without that document, Express Scripts is forced to rely upon the Poirier Spreadsheet alone. Allowing HM New Jersey to suggest that this document is insufficient, or otherwise imply that other documents and evidence exist that contradict or undermine the Poirier Spreadsheet not only rewards HM New Jersey for its discovery abuses and failure to produce, but sidesteps the sanctions issued by this Court. This is particularly true since pursuant to the Court's sanctions order, Express Scripts is not able to inform the jury of HM New Jersey's discovery abuses in this case. Doc. 543 at 8.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Express Scripts respectfully requests that this Court exclude all evidence and argument challenging what the Poirier Spreadsheet establishes: that HM New Jersey manipulated the U&C cash price it submitted to Express Scripts for over 9,800 claims.

---

[2] *See* **Ex. 1** (VIV_ARCHIVE_0229855 at VIV_ARCHIVE_0229883 (PowerPoint presentation instructing that when charging cash-paying customers, employees should refer to prices listed in special spreadsheet) & **Ex. 2** (Sept. 28, 2018 S. Malkin Dep. Tr. at 188: 4-14; 193: 12-20 (admitting that he is familiar with Ex. 1 and that the spreadsheet listing cash prices discussed in Ex. 1 would have been produced if it existed).

DATED:   November 12, 2018             Respectfully submitted,

                                              HUSCH BLACKWELL LLP

*/s/ Christopher A. Smith*
Christopher A. Smith, #53266MO
Sarah C. Hellmann, #50373MO
Jason M. Husgen, #66761MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
P: (314) 480-1500
F: (314) 480-1505
chris.smith@huschblackwell.com
sarah.hellmann@huschblackwell.com
jason.husgen@huschblackwell.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Michael J. Lyle*
Michael J. Lyle (*pro hac vice*)
Eric C. Lyttle (*pro hac vice*)
Meghan A. McCaffrey (*pro hac vice*)
1300 I Street NW, Suite 900
Washington, DC 20005
P: (202) 538-8000
F: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com

*Attorneys for Express Scripts, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 12, 2018, the foregoing was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher A. Smith