**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HM COMPOUNDING SERVICES, ) <br> LLC, and HMX SERVICES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EXPRESS SCRIPTS, INC., ) <br> ) <br> Defendant. ) | Case No. 4:14-cv-01858 (JAR) |

**EXPRESS SCRIPTS, INC.'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 56(f)
ON LIABILITY FOR COUNT II OF ITS COUNTERCLAIM**

Defendant Express Scripts, Inc. ("Express Scripts") submits this Reply in Further Support of its Motion for Judgment as a Matter of Law under Rule 56(f) on Liability for Count II of its Counterclaim:

**ARGUMENT**

Under Missouri law, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010).

HM New Jersey acknowledges that those elements apply to Count II of Express Scripts' counterclaim, and concedes that this Court's summary-judgment order establishes the first and third elements of Express Scripts' claim. *See* Doc. 583 at 2-3. But on the second element, HM New Jersey contends: "This Court did not and could not have found that ESI committed no

material breaches of the parties' contract, since the motions the Court was ruling on did not make that argument for disposition." *Id.* at 3.  HM New Jersey is wrong.

This Court's summary-judgment order establishes the second element (that Express Scripts performed or tendered performance under the contract) because it rejects any dispute that Express Scripts did not perform.  The only dispute HM New Jersey raised on Express Scripts' performance – from the complaint, through discovery, and up through the recent summary judgment briefing – comes from its allegation in the First Amended Complaint that Express Scripts "breached the Agreement with HMC by terminating HMC without cause, terminating HMC without providing the requisite notice, and terminating HMC without providing an opportunity to cure."  Doc. 126 ¶ 189.  This Court, however, rejected that allegation as a basis for dispute when it found in its summary-judgment order that Express Scripts "had a contractual right to terminate HM and did not breach the Agreement."  Doc. 580 at 18.  There is therefore no evidence in the record of any other alleged Express Scripts' breaches other than those the Court already has rejected.

In other words, there is no genuine dispute as to any material fact on Express Scripts' performance.  Indeed, as this Court recognized, "in determining whether there is a genuine issue of material fact, the Court must determine whether a reasonable jury, faced with the evidence presented, could return a verdict for the non-moving party."  Doc. 580 at 13; *see also Torgerson v. City of Rochester*, 643 F.3d 1031, 1042–43 (8th Cir. 2011) (en banc) ("The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial.") (citation and internal quotation marks omitted).  No reasonable jury could return a verdict that Express

Scripts did not perform or tender performance under the contract—and this Court may confirm that by ruling under Rule 56(f).

Thus, this Court's summary-judgment order establishes—as a matter of law—Count II's second element. All that remains for the jury to determine is whether HM New Jersey's breach damaged Express Scripts, and if so, the amount of damages.

## CONCLUSION

Express Scripts respectfully requests that this Court enter judgment as a matter of law on the liability elements of Count II of Express Scripts' Counterclaim.

Dated:  November 12, 2018         Respectfully submitted,

HUSCH BLACKWELL LLP

By:     */s/* Christopher A. Smith
Christopher A. Smith, #53266MO
Sarah C. Hellmann, #50373MO
Jason Husgen, #66761MO
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
P: (314) 480-1500
F: (314) 480-1505
chris.smith@huschblackwell.com
sarah.hellmann@huschblackwell.com
jason.husgen@huschblackwell.com

Michael J. Lyle (*pro hac vice*)
Eric C. Lyttle (*pro hac vice*)
Meghan A. McCaffrey (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
P: (202) 538-8000
F: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com

*Attorneys for Express Scripts, Inc.*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the 12th day of November, 2018, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon all counsel of record.


                /s/ Christopher A. Smith