# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HM COMPOUNDING SERVICES, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:14-CV-01858 JAR ) |
| EXPRESS SCRIPTS, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Express Scripts' Submission of Fees and Costs (Doc. No. 558). Plaintiffs filed a response in opposition (Doc. No. 569) and Express Scripts filed a reply (Doc. No. 572).

On July 19, 2018, the Court held a hearing on Express Scripts' Motion for Order to Show Cause and for Sanctions based on Plaintiffs' late production of documents to Express Scripts. The Court incorporates by reference herein its July 19, 2018 Order granting Express Scripts' motion for sanctions and finding Plaintiffs' conduct in failing to timely provide documents was grossly negligent and therefore sanctionable (Doc. No. 464). The Court ordered Plaintiffs to produce all documents including those on its privilege log in a readable format for attorneys' eyes only. The Court further ordered Plaintiffs to produce for deposition, at its cost and expense, two of its employees regarding Plaintiffs' late production and the explanation for it. Notably, the Court reserved ruling on the issue of Express Scripts' attorneys' fees incurred in connection with the late produced documents, and on any other sanctions the Court deems appropriate.

The Court also incorporates by reference herein its October 26, 2018 Memorandum and Order sanctioning Plaintiffs for their gross misconduct in failing to comply with the discovery rules and this Court's Orders. (Doc. No. 543) Among the sanctions imposed on Plaintiffs was an award to Express Scripts of "its fees and costs associated with its sanction motions and court appearances." (Id. at 8) As directed by the Court, Express Scripts submitted documentation reflecting the attorneys' fees and costs incurred in the amount of $407,600.57, including fees related to its original motion to compel production of documentation pertaining to Plaintiffs' cash transactions (Doc. No. 499-4). This motion was one of the discovery issues addressed by the Special Master.

In its opposition to Express Scripts' submission, Plaintiffs contend the Court in its October 26 Order did not award fees for any motion other than the motion it last heard and that fees for the time related to the original motion to compel should be excluded. (Doc. No. 569 at 2) The Court finds Express Scripts' inclusion of the time associated with the original motion to compel is reasonable given the continuing pattern of Plaintiffs' discovery misconduct as well as the volume of late disclosed documents. Moreover, the Court specifically reserved ruling "on any other sanctions the Court deems appropriate" at the July hearing on Express Scripts' motion for order to show cause and for sanctions.

In further opposition to Express Scripts' submission, Plaintiffs argue the fees claimed by Express Scripts reflect a duplication of effort from the two law firms representing Express Scripts such that the imposition of sanctions in the amount requested would be unreasonable. (Doc. No. 569 at 3-18) The Court has carefully reviewed the entirety of Express Scripts' submissions and finds that while they reasonably calculate the time spent, certain of the billing entries appear to be duplicative. For instance, on July 17, 2018, Husch Blackwell billed 7.0 hours

for "[a]nalyz[ing] issues raised in HM brief in opposition to sanctions; outlin[ing] response to same; revis[ing] proposed reply in support of sanctions; prepar[ing] time-line of key discovery admissions and case events for sanctions hearing; review[ing] plaintiffs' supplemental production."). Quinn Emmanuel also billed 20 hours for "drafting production timeline for motion for sanctions hearing;" "[e]dit[ing] and revis[ing] sanctions motion"; "[p]repar[ing] and revis[ing] reply and supporting declaration in support of sanctions and order to show cause; prepar[ing] for argument on same; attention draft timelines and demonstratives relating to plaintiff misrepresentations in support of motion for sanctions and order to show cause"; "[r]eview[ing] and revis[ing] reply in support of motion for sanctions".

For this reason, the Court concludes that a reduction in the award of fees and costs to Express Scripts is warranted and will exercise its discretion to make a percentage reduction, as opposed to a line-by-line reduction. See, e.g., Rural Water Sys. No. 1 v. City of Sioux Ctr., 202 F.3d 1035, 1039 (8th Cir. 2000) (affirming percentage reduction based on, inter alia, "excess hours[ ] and duplication"); A.J. ex rel. L.B. v. Kierst, 56 F.3d 849, 864 (8th Cir. 1995) (A court may reduce attorney hours, and consequently fees, for duplication of services in cases where more than one attorney is used.). Given the circumstances of this case, the Court believes a ten percent reduction is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Express Scripts' request for fees and costs is **GRANTED in part**. Express Scripts is awarded the amount of **$366,840.51**, as and for its attorneys' fees and costs incurred in connection with its sanction motions and court appearances.

**IT IS FURTHER ORDERED** that Plaintiffs shall pay to Express Scripts the sum of **$366,840.51.**

Dated this 19th day of November, 2018.

                                                                                              
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**